UNITED STATES of America, Plaintiff-Appellee,

v.

Clarence Lee McDOWELL, Defendant-Appellant.

No. 82–8079.

United States Court of Appeals, Eleventh Circuit.

Sept. 9, 1983.

Stephen A. Land, Atlanta, Ga., James W. Oxendine, Norcross, Ga., for defendant-appellant.

Craig A. Gillen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion May 16, 1983, 11 Cir., 1983, 705 F.2d 426).

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

McDowell's petition for rehearing en banc is based on *U.S. v. Joyce,* 693 F.2d 838 (8th Cir.1982). The facts in the two cases are similar except that (1) the DEA agent offered Joyce real cocaine while McDowell was offered sham cocaine; and (2) a search of Joyce's belongings revealed $22,000 while McDowell had relatively little cash. Thus, Joyce's objective acts were more strongly corroborative of an intent to engage in an illegal transaction than McDowell's.

■ Nevertheless we do not agree with the decision in *Joyce.* The Eighth Circuit considered Joyce's refusal to consummate the purchase as an "abandonment," which, as a matter of law, precluded the court from finding that Joyce had taken a substantial step toward commission of the crime. The motivation behind Joyce's refusal was deemed irrelevant.

■ It seems to us that the defendant's motive is highly relevant. Refusal to purchase because of inability to agree on price, or dissatisfaction about quality, or lack of opportunity to inspect is not necessarily a complete and voluntary renunciation of criminal purpose. *Joyce* would establish a per se rule, and refusal to purchase would preclude an attempt conviction. In our view, *McDowell* permits closer, and more appropriate, analysis. We adhere to our decision and to *U.S. v. Oviedo,* 525 F.2d 881 (5th Cir.1976), that to convict a defendant of attempt his objective acts, without reliance on the accompanying mens rea, must mark his conduct as criminal. This rule requires examination of the totality of objective acts. That totality was sufficient in this case.

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.